IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, ) | C/A No. 0:14-2788-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Tim Riley, *Warden*; Bryan P. Stirling, *Director* ) | **ORDER** |
| *of the Department of Corrections*; Amy ) | |
| Spencer; Dr. J.R. Bearden; DHO Richard ) | |
| Turner; Laura Caldwell; Lt. Lawson, *Safty*; ) | |
| Admin Captain Nance; Gary Lane; Investigator ) | |
| Lane; Karen McMorris; Cap. Jennette Glen; ) | |
| Lt. Jason Webber; Major James Parris; Captain ) | |
| Cathy Duncan; Dr. T. Byrne, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

 Plaintiff Brian Keith Nesbitt, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on a multitude of motions filed by Nesbitt.

**I. Motions to Amend/Correct or Supplement Complaint (ECF Nos. 45, 47, 57, 62, & 70)**.

 Nesbitt's first motion to amend (ECF No. 45) does not appear to add new defendants or claims. Rather, Nesbitt appears to provide additional details in support of the existing allegations in his Second Amended Complaint. The defendants consent to Nesbitt's motion. Accordingly, Nesbitt's motion to amend is granted. In order to preserve issues raised in this case and give liberal construction to the pleadings, the Clerk of Court is directed to create a new docket entry for the Third Amended Complaint and append the Second Amended Complaint (ECF No. 26) as an attachment

Page 1 of  7

*PJG*

to the Third Amended Complaint. Furthermore, because Nesbitt's Third Amended Complaint does not add defendants or claims, the defendants' request to allow their Answer to the Second Amended Complaint to serve as their answer to Nesbitt's Third Amended Complaint is granted.

Nesbitt filed a second motion to amend (ECF No. 47) in which he likewise does not appear to add new defendants or claims, but rather merely reiterates facts pled in his initial Complaint and subsequent amendments. Therefore, this document is more appropriately considered as a brief in support of Nesbitt's claims. Additionally, the defendants filed a response in opposition to Nesbitt's motion. Accordingly, this motion is denied as futile. See Foman v. Davis, 371 U.S. 178 (1962).

Nesbitt also filed a motion to supplement his complaint. (ECF No. 57.) In his motion, Nesbitt presents additional facts—specifically a February 27, 2015 medical encounter—that have occurred since initiating this matter and that pertain to his claim of denial of medical treatment for injuries sustained in a South Carolina Department of Corrections ("SCDC") vehicle accident. The defendants did not respond to Nesbitt's motion. Accordingly, Nesbitt's motion is granted as to his supplemental facts in connection with his claim of denial of medical treatment. However, any other requested relief included in Nesbitt's motion—including Nesbitt's request to add additional defendants[1]—is denied. The Clerk of Court is directed to create a new docket entry for the Supplemental Complaint.

Nesbitt's additional motions to amend/correct are untimely pursuant to the deadlines established by the court's Scheduling Order (ECF No. 42). Nesbitt has offered no cause to extend

---

[1] The court previously denied Nesbitt's motion to amend to the extent he intended to add Mrs. Grubbs as a defendant because his allegations against Grubbs did not arise out of the same transaction or occurrence as his civil rights claims against the original defendants. (See Order, ECF No. 25 at 2 n.2.) In the current motion, Nesbitt has failed to raise any specific allegations with regard to either of the defendants he seeks to add.



the expired deadlines.  See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").  Furthermore, the court finds that justice does not require the proposed amendment under Rule 15(a)(2).  Accordingly, Nesbitt's motions to amend/correct his Second Amended Complaint are denied.  (ECF Nos. 62 & 70.)

**II.     Motions for Examinations and to Expunge Record Entries (ECF Nos. 47 & 62).**

Nesbitt repeatedly asks for examination outside of SCDC, (see, e.g., ECF Nos. 47 & 62), presumably to prove his injuries from the incident at issue in this matter.  Rule 35 of the Federal Rules of Civil Procedure does not appear to contemplate the plaintiff seeking an examination of himself.  Further, Nesbitt cannot demonstrate good cause for the evaluation.  See Fed. R. Civ. P. 35; Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (holding that a Rule 35 motion for a mental examination is not the proper vehicle to obtain medical care and raise claims of deliberate indifference to a plaintiff's medical needs).

Moreover, Nesbitt does not identify the source of any funds to pay for this evaluation.  To the extent he requests that it be performed at public expense, such a request must be denied.  See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding).  For all of the foregoing reasons, Nesbitt's motions for an examination outside of SCDC are denied.

Additionally, Nesbitt appears to request that the court expunge disciplinary reports and incident reports from his SCDC record. To the extent Nesbitt seeks expungement of disciplinary convictions for the purpose of reinstating a loss of credit for good conduct, relief under section 1983 is unavailable. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). To the extent that Nesbitt challenges his disciplinary proceedings and seeks relief from the court pursuant to § 1983, for the reasons stated above, his motion to add additional claims or relief is untimely pursuant to the Scheduling Order in this case. Accordingly, Nesbitt's motion is denied.

### III.     Motions for Initial Disclosures and Subpoenas (ECF Nos. 53 & 68).

Nesbitt appears to move for a discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure as well as for the defendants to provide him with initial disclosures and documents pursuant to Rules 26(a)(1) and (2). However, unless otherwise ordered, such requirements are waived due to Nesbitt's *pro se* status pursuant to the Federal Civil Rules and Local Civil Rules of this court. See Fed. R. Civ. P. 26(a)(1)(B) (exempting from initial disclosure prisoner *pro se* actions); Local Civil Rule 16.00(B) n.8 (D.S.C.) ("[I]t is the general practice in this District to waive the Fed. R. Civ. P. 26(f) conference requirement when a party is proceeding *pro se*."). Accordingly, Nesbitt's motions for a discovery conference and initial disclosures are denied.

Nesbitt also appears to request subpoenas to compel the attendance of the defendants at a deposition. Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that



is relevant to any party's claim or defense." Except under certain circumstances in which leave of the court is required, see Fed. R. Civ. P. 30(b)(2), a party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed. R. Civ. P. 30. The deponent's attendance may be compelled by subpoena pursuant to Rule 45.

The court's authorization of a subpoena requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(c)(1). The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Nesbitt is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. See Fed. R. Civ. P. 45(b)(1). Further, Nesbitt has made no indication that he has properly provided notice to the defendants pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. Moreover, Nesbitt has made no showing as to how any of the testimony he seeks is relevant to his claims and therefore within the scope of permissible discovery under the Federal Rules of Civil Procedure. Accordingly,

*PJG*

to the extent Nesbitt seeks subpoenas to command attendance at a deposition, his motion is denied without prejudice.

Nesbitt also appears to seek the issuance of subpoenas *duces tecum* as to the named defendants pursuant to Rule 45 of the Federal Rules of Civil Procedure. However, document production as to party defendants is properly conducted pursuant to Rule 34 of the Federal Rules of Civil Procedure. Nesbitt is advised that he does not need specific authorization from the court to obtain discovery from the defendants. Rather, he should direct his discovery requests to the counsel of record for the defendants. If additional time is needed, Nesbitt may seek an extension of time. Further, if Nesbitt is dissatisfied with the responses he receives from the defendants, he may then file a motion to compel. See Local Civil Rule 37.01 (D.S.C.). Thus, Nesbitt's motion for subpoenas *duces tecum* is denied.

### IV.     Motions to appoint counsel (ECF Nos. 51, 52, , 62, & 63).

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would Nesbitt be denied due process if the court denied his



request for counsel. Id. Accordingly, Nesbitt's motions requesting counsel under 28 U.S.C. § 1915(e)(1) are denied.

**V.     Motion for Summary Judgment and Declaratory Judgment (ECF No. 62).**

Nesbitt filed a pleading entitled "Declaration" in which he appears to argue that he is entitled to summary judgment and a declaratory judgment. (ECF No. 62.) In response to this motion, the defendants request that, to the extent the court construes this motion as seeking summary judgment or a declaratory judgment, their deadline for filing a response be extended until April 28, 2015—the deadline for filing dispositive motions. The defendants' request for an extension of time is hereby granted.

**IT IS SO ORDERED.**

April 1, 2015
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE