IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, | ) |
|              Plaintiff, | ) Civil Action No. 0:14-2788-RMG |
| v. | ) **ORDER** |
| Tim Riley, Warden; Bryan P. Stirling, Director of the Department of Corrections; Amy Spencer; Dr. J.R. Bearden; DHO Richard Turner; Laura Caldwell; Lt. Lawson, Safty; Admin Captain Nance; Gary Lane; Investigator Lane; Karen McMorris; Cap. Jennette Glen; Lt. Jason Webber; Major James Parris; Captain Cathy Duncan; Dr. T. Byrne, | ) |
|              Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 77) recommending that this Court deny Plaintiff's Motions for a Preliminary Injunction and Temporary Restraining Order (Dkt. Nos. 35 and 50). The Court hereby adopts the R&R.

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement and violations of his right to access to the courts. (Dkt. No. 26). In two motions presently before the Court, he seeks a transfer to a different institution and to receive medical treatment outside of the South Carolina Department of Corrections. As the R&R states, he has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff filed objections (Dkt. No. 86). However, the objections make general

allegations that the Court should infer municipal liability through the showing of bad acts, that correctional medical services should be "comparable to service obtainable by the general public," that his legal materials have been confiscated, and that he would like to be appointed counsel. None of these arguments deal with the applicable standard for preliminary relief.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo* determination of those portions of the R&R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the R&R, the full administrative record in this matter, the relevant legal authorities, and Plaintiff's objections to the R&R. It hereby ADOPTS the R&R as the order of the Court and DISMISSES the Plaintiff's motions (Dkt. Nos. 35 and 50).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May ( , 2015
Charleston, South Carolina

---

[1] Plaintiff also requested a copy of the "transcription of the record, or portions of it as Plaintiff does not agree upon after being served with a copy of the recommended disposition." (Dkt. No. 86 at 1). Plaintiff has already received copies of all filings in the case, and since there have been no hearings, no transcripts exist.

2