IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Nesbitt, ) | |
| ) | Civil Action No.: 0:14-2788-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Tim Riley, *Warden*; Bryan P. Stirling, ) | |
| *Dir. of Dept. of Corrections*; Amy Spencer; ) | |
| Dr. J.R. Bearden; DHO Richard Turner; ) | |
| Laura Caldwell; Lt. Lawson, *Safety*; Admin ) | |
| Captain Nance; Gary Lane; Investigator ) | |
| Lane; Karen McMorris; Cap. Jennette Glen; ) | |
| Lt. Jason Webber; Major James Parris; ) | |
| Captain Cathy Duncan; Dr. T. Byrne, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the Report and Recommendation (R & R) of the Magistrate Judge. (Dkt. No. 129). For the reasons below, this Court adopts the R & R.

## I. Background

Plaintiff Brian Nesbitt, a South Carolina Department of Corrections inmate, alleges that he was injured on July 25, 2013, when the prison bus he was riding in collided with another vehicle. Plaintiff filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging alleges that Defendants have (1) been deliberately indifferent to his medical needs stemming from the incident; and (2) threatened him with disciplinary charges, harassed him, and placed him in solitary confinement as retaliation for filing this action. (Dkt. No. 75-1 at 10–24). Plaintiff claims that the retaliation includes the confiscation of prescribed knee braces, important legal materials, and personal photographs. He seeks both monetary damages and injunctive relief. (*See* Dkt. Nos. 75-1 at 26; *see also* Dkt. No. 76 at 7).

1

Defendants moved for summary judgment. (Dkt. No. 105). In addition, Plaintiff has three pending motions: (1) a motion for declaratory judgment (Dkt. No. 62); (2) a motion for a temporary restraining order and leave to file a fourth amended complaint (Dkt. No. 84); and (3) a motion for a preliminary injunction (Dkt. No. 113). The Magistrate Judge issued an R & R recommending that this court grant Defendants' motion to dismiss and deny Plaintiff's pending motions, and Plaintiff subsequently filed objections. (Dkt. No. 129).

## II. Standard

### A. Review of the R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

Plaintiff alleges that Defendants have (1) been deliberately indifferent to his medical needs, (2) improperly confiscated his legal paperwork and other personal effects, and (3) retaliated against him for filing this action. (Dkt. No. 129 at 2-3). The Court has reviewed the R & R, the full record in this matter, and the relevant legal authorities. The Court finds that the

Magistrate Judge ably and properly summarized the factual and legal issues and appropriately recommended that the Defendants' motion for summary judgment be granted.

Plaintiff's objections raise no specific issues in response to the R & R, even when viewed through the Court's extremely lenient reading of *pro se* pleadings. (*See* Dkt. No. 133). Instead, he regurgitates arguments from his four complaints. For example, he claims that "[t]here are memorand[a] that are [in] implement[ation] that will show and point out to this court[] all the specific facts that show there are material issues in dispute," but does not reference anything of this sort in his objections. (Dkt. No. 133 at 3). Similarly, he states that he has "presented relevant evidence that has probative value," but a review of all of the exhibits attached to previous pleadings fails to uncover a genuine issues of material fact. (*Id.* at 3). Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss these same issues for a second time here.

## IV. Conclusion

For the aforementioned reasons, this court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 129), **GRANTS** Defendants' motion for summary judgment (Dkt. 105), and **DENIES** Plaintiff's pending motions (Dkt. Nos. motion to dismiss in part (Dkt. No. 62, 84, 133). Because Defendant Nance was never served with the Summons and Second Amended complaint, the court also dismisses him from this action without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 25, 2016
Charleston, South Carolina

4